**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HARRY POWELL, | ) |
|       Petitioner, | ) |
| vs. | ) No. 13 C 75 |
| NEDRA CHANDLER, | ) |
|       Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On September 21, 2009, Harry Powell pled guilty in the Circuit Court of Cook County to three counts of burglary and one count of residential burglary. The state court judge sentenced Powell to a ten-year prison term on one of the counts of burglary and concurrent twenty-year prison terms on each of the remaining counts, with the ten and twenty-year terms to run consecutively.

Powell has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claims that he was coerced to plead guilty by the trial judge, was given only three days to prepare for trial, and received ineffective assistance of trial and appellate counsel. For the reasons discussed below, the Court denies Powell's petition.

### Background

**A.    Trial court proceedings**

Illinois Supreme Court Rule 402(d), as it existed at the time of Powell's guilty plea, provided as follows:

(1)     The trial judge shall not initiate plea discussions.

(2)     If a tentative plea agreement has been reached by the parties which contemplates entry of a plea of guilty in the expectation that a specified sentence will be imposed or that other charges before the court will be dismissed, the trial judge may permit, upon request of the parties, the disclosure to him of the tentative agreement and the reasons therefor in advance of the tender of the plea.  At the same time he may also receive, with the consent of the defendant, evidence in aggravation or mitigation.  The judge may then indicate to the parties whether he will concur in the proposed disposition; and if he has not yet received evidence in aggravation or mitigation, he may indicate that his concurrence is conditional on that evidence being consistent with the representations made to him.  If he has indicated his concurrence or conditional concurrence, he shall so state in open court at the time the agreement is stated as required by paragraph (b) of this rule.  If the defendant thereupon pleads guilty, but the trial judge later withdraws his concurrence or conditional concurrence, he shall so advise the parties and then call upon the defendant either to affirm or to withdraw his plea of guilty.  If the defendant thereupon withdraws his plea, the trial judge shall recuse himself.

(3)     If the parties have not sought or the trial judge has declined to give his concurrence or conditional concurrence to a plea agreement, he shall inform the defendant in open court at the time the agreement is stated as required by paragraph (b) of this rule that the court is not bound by the plea agreement, and that if the defendant persists in his plea the disposition may be different from that contemplated by the plea agreement.

Ill. S. Ct. R. 402 (2009 version).  In short, under Illinois law as it existed at the time of Powell's guilty plea, a trial judge could not "initiate plea discussions" but could participate in plea discussions when the defendant requested it and the prosecution agreed to it.  In practice, the Rule 402 plea conference typically involves the judge, the prosecutor, and the defense attorney; the defendant is not present.

The plea conference in Powell's case was held before Judge Lawrence Terrell on August 6, 2009.  Prior to the conference, Judge Terrell admonished Powell that he (the judge) would be participating in a conference in which he would learn information about

2

Powell that he otherwise would not learn prior to trial; that Powell would not be present; and that after the conference, "I next will offer you a penalty in exchange for a plea of guilty . . . ." Powell said he understood. Resp.'s Ex. G at A3.

There is no record of the Rule 402 plea conference itself because, per the usual practice, it took place off the record, likely in the judge's chambers. After the conference, Powell's lawyer stated for the record that "based on the conference, I told Mr. Powell what the offer was," without describing it on the record. *Id.* at A5. Counsel's comment, however, indicates that at the Rule 402 conference, Judge Terrell advised counsel what sentence he would be inclined to impose if Powell pled guilty. *See generally People v. Meza*, 376 Ill. App. 3d 787, 790, 877 N.E.2d 1189, 1191 (2007). The case was reset to August 14, 2009 but was thereafter reset to September 14 for reasons that are not entirely clear from the record.[1]

On September 14, 2009, defense counsel asked to continue the matter to September 24 [sic], saying, "[m]aybe we could work it out by then." *Id.* at C3. The prosecutor said, "That's a Friday. I don't know if you're saying you might plead Friday. That's one thing." *Id.* Defense counsel replied, "I will do my best." *Id.* The prosecutor then put the terms of the judge's sentencing offer on the record: "Judge, we had a 402 conference. You offered him 10 plus 20. One of the cases is an '06 case." *Id.* The judge then said, "All right. We'll see you this Friday. What's Friday's date." *Id.* That Friday would have been September 18, but defense counsel stated, "Friday the 25th." The judge then stated, "So I want to communicate with you. If you don't want to

---

[1] The transcript for August 14 reflects that Powell's attorney Lee Bastianoni was unable to appear on that date. Powell requested a thirty-day continuance, stating, "My people are coming from Atlanta. They're trying to get the money." Resp.'s Ex. G at B3.

3

communicate with me, have a seat, and then we'll start over again. I'm ordering you back to court this Friday at 9:30." *Id.*

Although the transcript for September 14 states at the end that the case was continued to September 25, 2009, as just indicated it was actually reset to Friday, September 18, 2009, as the judge had stated at the end of the September 14 hearing. On September 18, the following colloquy occurred:

> MR. BASTIANONI: Judge, Mr. Powell would like to address the Court, your Honor.
>
> THE COURT: Sure. I will listen to anybody.
>
> THE COURT: What's your name, sir?
>
> THE DEFENDANT: Harry Powell, P O W E L L.
>
> THE COURT: I met your lawyer. Go ahead.
>
> MS. O'BRIEN: Judge, a couple of court dates ago we had a 402 conference, your Honor made an offer. The defendant has an '06 burglary, and then he has three '08 cases that are running consecutive to that.
>
> We have elected on, I believe, 128288 and 89. We not only have filed a motion to use proof of evidence of other crimes, but we are seeking to join those two cases as well. The defendant is raising his hand though.
>
> THE COURT: How many cases are there?
>
> MS. O'BRIEN: Four. Four cases, Judge.
>
> THE COURT: Okay. He is on probation in Case No. 1101?
>
> MS. O'BRIEN: No, Judge, it is a live case.
>
> THE COURT: From '06?
>
> MS. O'BRIEN: Let me read it. (Brief pause.) Okay, I read it. Mr. Powell, you want to say something?
>
> THE DEFENDANT: Yes.

THE COURT: Keep your voice up.

THE DEFENDANT: I have been coming in and out of your courtroom for three years, sir.

THE COURT: I will give you credit for that. What else do you want?

THE DEFENDANT: I want to know is it possible that I could have a TASC evaluation?[2]

THE COURT: No. No. Now, here is the deal. I spoke at a 402 conference. I heard from the government. I heard from your attorney. I weighed the mitigation and aggravating factors. On all of these cases your penalty will be 20 years.

MS. O'BRIEN: Ten plus 20.

THE COURT: Let me talk. Then you can talk after I talk. You are going to do 20 years on these three recent cases, and you are going to do a ten-year sentence on the old case. They are going to run at the same time. The offer will never be less. It will be more, if certain things happen other than your acceptance of this offer. Or we can go to trial as soon as Monday if you don't want to accept the offer on any of these cases that the government elects on.

     I think they are electing on the case ending in 2880, which is a burglary. So now is the decision time. You said you have been coming here for three years. So now we are going to get it on. What do you want?

(Brief pause).

MR. BASTIANONI: Can we pass it?

THE COURT: No, we are not passing anything. I can't hear you, Mr. Powell, Mr. Powell, are we communicating?

THE DEFENDANT: Yes, sir.

THE COURT: I asked you a question. What do you want to do?

THE DEFENDANT: Can I take that one to trial?

---

[2] In asking for a "TASC evaluation," Powell was asking to be evaluated for a program that provides for a sentence of probation with drug treatment, as opposed to incarceration. *See* 20 ILCS 301/40-10.

5

> THE COURT: You can take any one you want to trial. Which one do you want to take to trial? I will tell you what we are going to do. This matter of case ending in 2880 is set for trial on Monday,
>
> MS. O'BRIEN: It is 89, Judge. There must be a typo.
>
> THE COURT: It says 2880. Take a look.
>
> MR. BASTIANONI: Judge, may I say something, please?
>
> THE COURT: No, you can't say nothing.
>
> MR. BASTIANONI: I am on trial Monday.
>
> THE COURT: You tell my clerk where you intend to go, and I will call that person and tell them you will be here. If you are not here, I am issuing a body attachment for your arrest.
>
> MR. BASTIANONI: Of course I will be here.
>
> THE COURT: 9:30, Monday.
>
> MR. BASTIANONI: I would never disrespect you.
>
> THE COURT: Counsel, are you communicating with me? Do you commit to it? Go over there and tell my clerk the name of that judge, and you will get an excuse. I guarantee you that.

Resp.'s Ex. G at D3-D6.

At the outset of the court proceeding on the next business day, Monday, September 21, Powell's attorney informed the trial judge that Powell "wishes to take the offer that was made Friday. . . . I mentioned to you he was going to probably do that." Resp.'s Ex. H at A2. After counsel reviewed the terms of the offer and dealt with other preliminary matters, the judge made the necessary admonitions to Powell regarding his guilty plea, including the fact that he could be sentenced on each offense to a term of anywhere from six to thirty as a Class X offender, could be sentenced to an extended term of from thirty to sixty years, and would be subject to mandatory supervised release.

6

*Id.* at A7-A10. The judge further informed Powell that he retained the right to plead not guilty and go to trial. *Id.* at A10-A11.

Powell stated that he understood all of this and said that he still wanted to plead guilty. He affirmed that he was pleading guilty of his own free will. *Id.* at A11. Powell also answered the following questions:

> THE COURT: Did anyone force you to plead guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Did anyone threaten you to plead guilty?
>
> THE COURT: No, sir.

*Id.* at A12. He then admitted to the factual bases for each of the charges, and he admitted to two prior convictions on Class 2 felonies or higher, making him eligible to be sentenced as a Class X offender. *Id.* at A12-A25.

The prosecution introduced the prior convictions and other evidence in aggravation. Powell's attorney introduced evidence in mitigation, and Powell made an allocution that included a plea for leniency. The trial judge imposed the aggregate thirty-year sentence that he had previously offered. He also advised Powell of his appeal rights, the deadline for filing a motion to withdraw a guilty plea, and his rights to an attorney and to obtain transcripts.

On February 16, 2010, Powell filed a post-conviction petition. In the petition, he challenged the trial judge's actions in giving him only three days to prepare for trial, denying him a drug evaluation, and imposing an excessive sentence. Powell also claimed that he received ineffective assistance of counsel because his attorney failed to argue that he was a drug addict and failed to offer certain evidence in mitigation.

7

On February 26, 2010, a different Illinois trial judge dismissed Powell's post-conviction petition as frivolous and patently without merit. Resp.'s Ex. H at B3-B4. Powell then moved for reconsideration based on additional information that he had received about his attorney's services to him. On April 9, 2010, yet another trial judge, to whom the matter had been reassigned, denied reconsideration after finding the post-conviction petition to be frivolous and patently without merit. Resp.'s Ex. H at C3-C4.

Powell appealed the dismissal of his post-conviction petition. In his appeal briefs, Powell argued that the trial judge improperly injected himself into plea negotiations by "offering" of a sentence rather than making a recommendation. Powell also argued that the judge coerced him to plead guilty by "essentially [telling him] that he could either accept *the court's* offer of 30 years, or accept something 'more' if he did not." Resp.'s Ex. B at 9.

On May 11, 2012, the state appellate court affirmed the trial court's dismissal of Powell's post-conviction petition. Resp.'s Ex. A. The court noted that Rule 402 bars a judge from initiating plea negotiations but stated that the rule contemplates the court's participation in plea negotiations. The court further stated that "Rule 402 does not prohibit the trial court from suggesting a sentence it would impose if the defendant were to plead guilty," and it concluded that there is "nothing inherently coercive about a court doing so." *Id.* at 5. The appellate court stated that

> despite language that the trial court made an 'offer' of 10 plus 20 years, the record indicates that the trial court simply articulated its position that if defendant accepted the plea offer from the State, it would impose a sentence of 10 plus 20 years, which, at best, was information for defendant to consider when deciding whether to plead guilty.

*Id.* at 6.

The court next addressed the trial judge's statement about what would happen if Powell did not plead guilty. It stated that "[t]here is nothing coercive about the trial court telling a defendant he may receive a greater sentence if he did not accept the guilty plea." *Id.* The appellate court found that the trial court had not "suggested that defendant would receive a greater sentence as punishment for declining the plea," and as a result the court read the trial judge's statement "as merely factual in nature and not at all coercive." *Id.* The court noted that even after this statement by the trial judge, Powell had indicted his desire to go to trial, *id.* at 7—suggesting he did not feel coerced by the judge's statement about the consequences of rejecting the plea deal. The court stated that Powell's affidavit submitted in connection with his post-conviction petition reflected that he "changed his mind and ultimately chose to plead guilty based on the advice of *his own attorney*." *Id.* For these reasons, the court affirmed the dismissal of Powell's post-conviction petition. The Illinois Supreme Court denied Powell's petition for leave to appeal on September 26, 2012. *People v. Powell*, 979 N.E.2d 885 (Ill. 2012).

On March 9, 2013, Powell filed the present habeas corpus petition. He makes four claims: 1) the trial judge coerced him into pleading guilty; 2) the trial judge violated his due process rights by affording him only three days to prepare for trial; 3) trial counsel rendered ineffective assistance in not moving to withdraw the guilty plea; and 4) appellate counsel rendered ineffective assistance in not arguing that trial counsel was ineffective and in not moving to withdraw the guilty plea.

## Discussion

### A. Motion to appoint counsel

Powell has asked the Court to appoint counsel to represent him. The Court

denies the motion. The factual background for Powell's claims is simple and straightforward; there are only a few claims, all of which are interrelated; and there do not appear to be any pertinent facts outside the record that counsel might assist in uncovering. Similarly, the law applicable to Powell's claims is well-established, and Powell has done a more-than-adequate job of presenting his case in a clear and cogent way. Finally, respondent does not raise any defenses involving significant legal intricacies, such as a procedural default defense that might require mastering a difficult area of habeas corpus law.

For these reasons, the Court denies Powell's motion to appoint counsel.

**B. Merits**

This Court's review of Powell's habeas petition is governed by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). "In conducting federal habeas review under AEDPA, we look to the last reasoned state court opinion addressing each claim." *Ruhl v. Hardy*, 747 F.3d 1083, 1091 (7th Cir. 2013). This Court may not disturb the state court's ruling unless it is "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A decision is contrary to clearly established federal law if the rule the decision applies differs from governing law set forth in Supreme Court cases . . . . A decision involves an 'unreasonable application' of Supreme Court precedent if the decision, while identifying the correct governing rule of law, applies it unreasonably to the facts of the case." *Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir.

10

2013). The Court looks for an objectively rather than subjectively unreasonable application of law to the facts of the case. *Hanson v. Beth*, 738 F.3d 158, 162 (7th Cir. 2013). In addition, "[t]he state court's factual findings are presumed correct, and rebutting them requires clear and convincing evidence." *Kidd v. Lemke*, 734 F.3d 696, 703 (7th Cir. 2013).

### 1. Coerced guilty plea

Powell argues that the trial judge coerced him to plead guilty by participating to an undue extent in the plea bargaining process in that the judge himself "offered" a plea deal and, primarily, by becoming upset and threatening a greater sentence when Powell balked at the deal. Powell asserts, ostensibly as a separate claim, that the trial judge violated his constitutional right to due process by giving him only three days to prepare for trial. But Powell did not end up going to trial, so this cannot actually be a claim that his trial rights were infringed. Rather, Powell's real contention appears to be that, as he claimed in his state court appeal, the short preparation time that the judge allowed for trial left him with no choice but to plead guilty.

A guilty plea is void if it is "induced by promises or threats which deprive it of the character of a voluntary act." *Machibroda v. United States*, 368 U.S. 487, 493 (1962). But the fact that the defendant believes he may get a more severe sentence if he goes to trial does not make a guilty plea involuntary. In *Brady v. United States*, 397 U.S. 742 (1970), the Supreme Court rejected a claim that a guilty plea is coerced in violation of due process "if influenced by the fear of a possibly higher penalty for the crime charged if a conviction is obtained after the State is put to its proof." *Id.* at 750-51. Specifically, the Court "decline[d] to hold . . . that a guilty plea is compelled and invalid under the

11

Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty . . . ." *Id.* at 751.

In *Brady*, the Court declined to address "the situation where the prosecutor or judge, or both, deliberately employ their charging and sentencing powers to induce a particular defendant to tender a plea of guilty." *Id.* at 751 n.8.   Since that time, the Court still has not addressed this specific issue.  Given the absence of Supreme Court precedent, it is questionable whether Powell can even advance a claim that the state court's decision was contrary to or an unreasonable application of established federal law as declared by the Supreme Court.  *See Irving v. Hall*, 224 F. App'x 683 (9th Cir. 2007).

To the extent that cases like *Machibroda* indicate that a coerced guilty plea violates due process, Powell's claim likewise fails.  The state appellate court found that the trial judge had not acted coercively.  This finding is presumed correct, and to overturn it, Powell must show that "it rests upon fact-finding that ignores the clear and convincing weight of the evidence."  *Goudy v. Basinger*, 604 F.3d 394, 399 (7th Cir. 2010).

The appellate court found that Powell requested the plea discussion and knew that the trial judge would be participating.  This finding was plainly correct, and Powell does not appear to dispute it.

The appellate court read the trial judge's comments about "offering" a sentence as advising Powell what sentence the judge would impose if Powell pled guilty, rather than a statement that the judge was himself offering Powell a thirty-year deal.  The appellate court attributed the plea offer to the prosecution, not the trial judge.  As

indicated earlier, the appellate court stated:

> despite language that the trial court made an "offer"' of 10 plus 20 years, the record indicates that the trial court simply articulated its position that if defendant accepted the plea offer from the State, it would impose a sentence of 10 plus 20 years, which, at best, was information for defendant to consider when deciding to plead guilty.

Resp.'s Ex. A at ¶ 16. This was not an unreasonable finding based on the record. *See Meza*, 376 Ill. App. 3d at 790, 877 N.E.2d at 1191 (trial judge's "offer" of a sentence was simply a statement of the length of sentence the judge would be inclined to give the defendant if he pleaded guilty, not a plea agreement). Even if, however, the trial judge meant it the way he said it, the Court is hard-pressed to see how the use of the term "offer" indicated any sort of coercion. The "offer" language, at most, would suggest a proposal for a deal that, if not accepted, would be off the table. That was obvious anyway, and it does not make the trial court's comments coercive.

The only actions by the trial judge that one might interpret as imposing pressure on Powell are the judge's statement that the offer would not get any better and his setting of trial for the next business day (following a weekend) when Powell expressed hesitancy at the plea proposal. The state appellate court determined, however, that the judge had not threatened Powell with a greater sentence but rather simply advised Powell that he risked a greater sentence if he turned down the plea deal. The appellate court stated: "[n]othing in the trial court's statement suggested that defendant would receive a greater sentence as punishment for declining the plea and therefore we read the court's statement as merely factual in nature and not at all coercive." *Id.* at ¶ 17. The state appellate court found, in other words, that the trial court simply called Powell's attention to a potential risk and was not threatening Powell with a harsher sentence if he

13

said no.  Reasonable minds might differ regarding this interpretation, but Powell has not shown that the appellate court's interpretation was unreasonable.[3]

The appellate court did not directly address the trial judge's setting of the case for trial on the following Monday, the next business day, after Powell balked at accepting the plea offer.  There is no indication in the record, however, that this left Powell's counsel with insufficient time to prepare for trial.  Indeed, in response to a complaint that Powell filed with disciplinary authorities, trial counsel stated that he spent approximately twenty hours over the intervening weekend preparing for trial.  See Petition, Ex. B at 2.  And although Powell ended up pleading guilty on the date the case was set for trial, he stated in open court that he had not been threatened or coerced to plead guilty and that he was pleading guilty of his own free will.  Courts are appropriately hesitant in allowing a defendant to contradict such statements in a later collateral attack on a guilty plea.  Cf. United States v. Stewart, 198 F.3d 984, 987 (7th Cir. 1999) (challenge under 28 U.S.C. § 2255 to voluntariness of guilty plea in federal criminal case; court stated that the "[e]ntry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard.").

For these reasons, the Court concludes that the state appellate court did not decide Powell's claim in a way that was contrary to or an unreasonable application of clearly established federal law and that the court did not base its decision on an unreasonable determination of the facts.

---

[3] In addition, though it is difficult to recreate the atmosphere of the proceedings from the cold record, the sequence of events and tenor of the trial judge's comments suggest that he became angry and reacted inappropriately to Powell's hesitancy by setting the first "elected" case for trial on the very next business day.  Without more, however, this is not a basis to overturn as unreasonable the state appellate court's finding that the trial judge did not react coercively.

B.   **Ineffective assistance of trial counsel
and post-conviction appellate counsel**

Powell claims that he received ineffective assistance of trial appellate counsel. He alleges that trial counsel should have moved to withdraw his guilty plea and that appellate counsel should have argued that trial counsel was ineffective for failing to do so.

Powell was not prejudiced by trial counsel's failure to seek to withdraw the guilty plea. There is no basis in the record to believe the trial judge would have allowed withdrawal of the plea given Powell's statements on the record that he had pled guilty of his own free will and was not coerced or threatened. Thus Powell cannot succeed on a claim of ineffective assistance.

Respondent argues that Powell's claim regarding his appellate counsel is non-cognizable in a federal habeas corpus petition. The Court agrees. The only appellate counsel that Powell had was his post-conviction appellate counsel. The Sixth Amendment, however, does not guarantee effective assistance of counsel in state collateral proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); 28 U.S.C. §2254(i). Thus Powell cannot maintain a Sixth Amendment claim based on his appellate counsel's failure to argue trial counsel's ineffectiveness.

**Conclusion**

For the foregoing reasons, the Court denies Powell's motion for appointment of counsel [dkt. no. 18] and his petition for a writ of habeas corpus and directs the Clerk to enter judgment in favor of respondent. The Court issues a certificate of appealability regarding Powell's claim that he was coerced to plead guilty but declines to issue a certificate of appealability regarding his ineffective assistance claims, because the

merits of those claims are not debatable, capable of different resolution, or deserving of further consideration. See 28 U.S.C. §2253(c)(2). The Court also grants Powell leave to proceed *in forma pauperis* on appeal.

                                                              _____  
                                                                   MATTHEW F. KENNELLY  
                                                                   United States District Judge

Date: May 27, 2014